UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARAH ROSENBERG, individually and on behalf of all others similarly situated,

        **Plaintiff,**

- against-

MRS BPO, L.L.C.,

        **Defendant.**

Civil Case Number:

**CLASS ACTION COMPLAINT**

---

Plaintiff, SARAH ROSENBERG (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant MRS BPO, L.L.C. (hereinafter, "Defendant") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of New York, Kings County, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or

facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to March 24, 2021, an obligation was allegedly incurred to JPMorgan Chase Bank N.A. ("CREDITOR").

13. The JPMorgan Chase Bank N.A. obligation arose out of a consumer transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family purposes.

14. The alleged JPMorgan Chase Bank N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. JPMorgan Chase Bank N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, JPMorgan Chase Bank N.A. or a purchaser, assignee, or subsequent creditor sold the debt to the Defendant.

17. Defendant then decided to contact Plaintiff about the debt via written correspondence in an attempt to collect the alleged debt.

18. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the Debt to a commercial mail house ("**mail house**").

19. Upon information and belief, the name of the mail house was Revspring, with its headquarters in Ann Arbor, Michigan.

20. Defendant disclosed to the mail house:

    a. Plaintiff status as a debtor;

    b. the fact that Plaintiff allegedly owed $3,905.03 to JPMorgan Chase Bank N.A.; and

    c. other highly personal pieces of information.

21. The mail house then populated some or all of this information into a pre-written template, printed, and prepared the letter for mailing to Plaintiff's residence in New York.

22. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

23. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

24. Defendant's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

25. Plaintiff never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

26. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

    > "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with <u>any person</u> other than <u>the consumer</u>, <u>his attorney</u>, <u>a consumer reporting agency if otherwise permitted by law</u>, <u>the creditor</u>, <u>the attorney of the creditor</u>, or <u>the attorney of the debt collector</u>." (emphasis added).

27. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

28. Due to Defendant's communication to this mail house, information about Plaintiff - including her name, the amount allegedly owed, and Plaintiff's home address - are all within the possession of an unauthorized third-party.

29. If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

30. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

31. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

32. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to abusive collection practices, from which she had a substantive right to be free, by having her privacy invaded, and by having her private and protected information shared and disseminated with unauthorized parties.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

34. The Class consists of (a) all individuals in the State of New York (b) whose information was shared by Defendant to its mail house (c) in connection with a debt purportedly whose original creditor was JPMorgan Chase Bank N.A., (d) during the one year period preceding

the filing of the Complaint in this action.

35. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

36. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's practice, of sharing debtor's personal and protected information with its mail house, violates 15 U.S.C. §§ 1692c and 1692f.

38. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  (a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's practice, of sharing debtor's personal and protected information with its mail house, violates 15 U.S.C. §§ 1692c and 1692f.

    (c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

41. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692c *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

45. Pursuant to Section 15 U.S.C. §1692c of the FDCPA:

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

46. The Defendant violated said provision by conveying Plaintiff's information to its mail house in connection with the collection of Plaintiff's debt, in violation of 15 U.S.C. §1692c.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

50. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*f et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff and the Class statutory damages;

(b) Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

(c) Awarding pre-judgment interest and post-judgment interest; and

(d) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 20, 2021

/s/ Yitzchak Zelman\_\_\_\_
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone

(732) 298-6256 facsimile
YZelman@marcuszelman.com
*Attorneys for Plaintiff*